**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Bernal, ) | No. CV 05-2716-PHX-MHM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, ) | |
| Defendant. ) | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #7) for lack of exhaustion. Plaintiff responded (attached submission). After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph M. Arpaio, alleging that his constitutional rights were violated due to (1) overcrowding, (2) denial of outside recreational opportunities, and (3) unsanitary conditions (Doc. #1). Defendant was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies (Docs. ##4, 7). Attached to the motion were (1) the Maricopa County Sheriff's Office Inmate Grievance Procedures, (2) the Maricopa County Rules and Regulations for Inmates, (3) a blank inmate grievance form, and (3) an affidavit of Sergeant Zelean Tademy, assigned to the Inmate Hearing Unit (Doc. #7). Plaintiff submitted a response, which is attached to this Order.

## II. Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## III. Analysis

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. The policies further provide that if an inmate does not receive a resolution or response to his grievance, he may proceed to the next level. (Doc. #7, ex. A).

1  Tademy attested that (1) inmates may grieve all issues pertaining to conditions of
2  confinement, (2) when requested detention officers pass out grievances, and (3) officers are
3  trained to accept and process inmate grievances (Doc. #7, ex. D). Tademy further attested
4  that an inmate may proceed to the next step in the grievance procedure if a staff member fails
5  to respond to a grievance (Id.). Finally, Tademy attested that Plaintiff did not file any inmate
6  grievances (Id.).

7  Defendant demonstrated that there was a grievance procedure to which Plaintiff failed
8  to avail himself. Plaintiff stated in his Complaint that his grievances were never returned to
9  him (Doc. #1). However, Plaintiff would still have been able to exhaust as he could have
10 preceded to the next grievance level. In his attached response, Plaintiff also stated that he
11 filed grievances in 1985 and 1994. Plaintiff appears to be referring to grievances filed during
12 prior incarcerations. The instant action refers to Plaintiff's most recent incarceration, which
13 would not have been addressed in grievances filed in 1985 and 1994. Finally, Plaintiff
14 alleges that exhaustion is futile because it takes so long to get a response and nothing gets
15 accomplished. Plaintiff is required to exhaust "regardless of the relief." Booth v. Churner,
16 532 U.S. 731, 741 (2001).

17 According to the record, Plaintiff failed to exhaust his administrative remedies. Thus,
18 Defendant's Motion to Dismiss will be granted.

19 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 7) is **granted**.
20 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
21 shall enter a judgment of dismissal accordingly.

22 DATED this 25th day of September, 2006.

_____
Mary H. Murguia
United States District Judge

- 3 -